IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW FOGEL,

    Plaintiff,

    v.

GRASS VALLEY POLICE DEPARTMENT, et al.,

    Defendants.

No. Civ. 05-0444 DFL KJM

ORDER

Plaintiff Matthew Fogel ("Fogel") painted a provocative message on the back of his van.  The police were called, and Fogel was arrested.  No charges were filed.  Fogel subsequently brought suit against defendants Grass Valley Police Department, Captain Jarod Johnson ("Johnson"), Sergeant Michael Hooker ("Hooker"), and Officers Jason Perry ("Perry"), Wesley Collins ("Collins"), Gary McClaughry ("McClaughry"), and Greg McKenzie ("McKenzie").  Fogel sought damages under § 1983, primarily on the theory that his arrest violated the First Amendment.  He also brought claims based on the Fourth and Fourteenth Amendments as well as state law claims for false arrest and assault and

1

battery.

Defendants moved for summary judgment on all claims. The individual defendants also asserted that they were entitled to qualified immunity. Fogel cross moved for summary judgment on the § 1983 claims.

On February 13, 2006, the court granted defendants' motion for summary judgment on all claims and denied Fogel's cross motion for summary judgment. (2/13/2006 Order at 11.) Defendants now move for an award of attorneys fees and costs. For the reasons stated below, the court awards defendants' costs and but does not award attorneys fees.

## I. Motion for Award of Attorneys Fees

Attorneys fees are only awarded to prevailing defendants in section 1983 actions where "the plaintiff's action is frivolous, unreasonable, or without foundation." Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173 (1980). "An appeal is considered frivolous in this Circuit when the result is obvious or the appellant's arguments of error are wholly without merit." Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir. 1994). A case "is less likely to be considered frivolous when there is 'very little case law directly apposite.'" Int'l Bd. of Teamsters v. Silver State Disposal Serv., Inc., 109 F.3d 1409, 1412 (9th Cir. 1997).

Defendants argue that, because they prevailed on the motion for summary judgment, Fogel's action was meritless and without foundation, justifying an award of attorneys fees. (Mot. at 5.) In addition, defendants' counsel states in her declaration that,

2

on at least two occasions, she requested that Fogel dismiss the entire action, or at least dismiss all defendants except officers Perry and Hooker. (Tonon Decl. at 12-13.) She argues that the depositions of the parties confirmed that all the other officers were merely following orders and could not be kept in the action on a "group liability" theory. (Id. at 13.) Tonon also says she recalls that Fogel's counsel could not identify any unconstitutional "policy or procedure" that the Grass Valley Police Department instituted. (Id.) Nevertheless, Fogel declined to dismiss defendants. (Mot. at 9-10.)

Contrary to defendants' assertion, Fogel's argument was not frivolous or wholly without merit. As discussed by the court in the February 13 order, Fogel's argument depended upon whether the statements on his van were "true threats." (2/13/2006 Order at 5.) To determine this, the fact-finder must determine "whether a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm or assault." United States v. Orozco-Santillan, 903 F.2d 1262, 1265 (9th Cir. 1990).

Given the facts in this case, the court found that a reasonable jury might conclude that a reasonable person would foresee that the words on the van would be taken "as a serious expression of intent to harm." (2/13/2006 Order at 6.) On the other hand, a jury might find that Fogel's words could not be reasonably interpreted as a serious threat. (Id. at 7.) Therefore, Fogel's First Amendment argument was not without

merit.

Nevertheless, defendants argue that the claim was meritless because it was clear that they were entitled to qualified immunity. The immunity question in this case turned on "whether the state of the law [in 2004] gave [the officers] fair warning that their alleged treatment of [Fogel] was unconstitutional." Hope v. Pelzer, 536 U.S. 730, 741, 122 S.Ct. 2508 (2002). Fogel argued that the officers had notice that their actions were unconstitutional in light of Watts v. United States, 394 U.S. 705, 708, 89 S.Ct. 1399 (1969). The court found Watts distinguishable from this case both in what was said and where, when, and how it was said. (2/13/2006 Order at 9.) However, Fogel's reliance on Watt was not meritless. To date, no post 9/11 case has addressed language comparable to that used by Fogel, making it a novel issue. Therefore, Fogel's use of an analogous case, though unpersuasive, was not unreasonable.

Fogel's claim against the Grass Valley Police Department was also not frivolous. Fogel noted in his motion that "Hooker was the highest ranking officer of the department on duty at the time of arrest," and he "testified that he had final decision-making authority that night." (Pl.'s MSJ at 18.) Johnson "also testified that he had final decision-making authority." (Id.) While the court found that this evidence was insufficient to demonstrate that the police department had policymaking authority, it does not appear that Fogel made the claim in bad faith. He merely misunderstood that final decision-making

4

authority is distinct from final policymaking authority required to impose liability on a municipality.

For the reasons stated, the court DENIES defendants' motion for attorneys fees because Fogel's claims were not so meritless to warrant such a result.

## II.   Motion for Award of Costs

"Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Fed. R. Civ. P. 54(d).  Under 28 U.S.C. §§ 1920(2) and (4), a judge may tax as costs: "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," and "[f]ees for exemplification and copies of papers necessarily obtained for use in the case."  Defendants seek: (1) court reporter fees totaling $1,443.82; and (2) fees for exemplification and copies of depositions submitted to the court totaling $702.00.  Fogel objects on several grounds.

First, Fogel asserts that defendants failed to serve and file the bill of costs within ten days after entry of judgment, as required by Local Rule 54-292. (Opp'n at 1.)  However, Fogel miscalculated the time.  Under Fed. R. Civ. P. 6(a), when computing any period of time prescribed by the local rules, the day judgment was entered should not be included.  In addition, when the period of time prescribed is less than 11 days, intermediate weekends shall be excluded in the computation.  The

court entered judgment on Tuesday, February 14, 2006. Defendants filed their bill of costs on Tuesday, February 28, 2006, the tenth day based on the Rule 6(a) computation. Therefore, defendants filed on time.

Second, Fogel asserts that the photocopy costs of the deposition transcripts were not "necessarily incurred" because they could have been filed with the court electronically. (Opp'n at 2.) Local Rule 5-133(j) states that:

> Depositions shall not be filed through CM/ECF. Prior to or upon the filing of a document making reference to a deposition, counsel relying on the deposition shall ensure that a courtesy hard copy of the entire deposition so relied upon has been submitted to the Clerk for use in chambers. Alternatively, counsel relying on a deposition may submit an electronic copy of the deposition in lieu of the courtesy paper copy to the emailbox of the Judge or Magistrate Judge and concurrently email or otherwise transmit the deposition to all other parties.

On December 19, 2005, defendants submitted a hard copy of deposition transcripts for Fogel, Perry, McKenzie, Hooker, McClaughry, Collins, and Johnson because they relied on these depositions in support of their summary judgment motion. These depositions totaled nearly 500 pages. Defendants should not be penalized for choosing among the better of two alternatives for filing provided in the local rule. When documents are this long, e-mail is a less efficient method for both the sender and recipient, and courtesy hard copies are encouraged by the court. Therefore, the court awards photocopying costs totaling $702.00.

Third, Fogel argues that deposition costs were not "necessarily incurred" because the depositions added very little

6

to the information already recorded in the police reports, and defendants relied on only small portions of the depositions in their summary judgment motion. (Opp'n at 2.) This argument is unconvincing. First, defendants relied on several portions of the depositions in their statement of undisputed facts supporting their summary judgment motion. Furthermore, even if defendants ultimately gained little more than what was already in the police reports, they were entitled to take depositions to see if any additional evidence would support their defense. "An important purpose of discovery is to reveal what evidence the opposing party has, thereby helping determine which facts are undisputed . . . and which facts must be resolved at trial." <u>Computer Task Group, Inc. v. Brotby</u>, 364 F.3d 1112, 1117 (9th Cir. 2004). Therefore, the court awards defendants all court reporter fees totaling $1,443.82.

Finally, Fogel argues that the court should use its judicial discretion to deny all costs in this matter. "Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion." <u>Champion Produce, Inc. v. Ruby Robinson Co., Inc.</u>, 342 F.3d 1016, 1022 (9th Cir. 2003). The Ninth Circuit has "previously approved as appropriate reasons for denying costs: (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants." <u>Id.</u> The Ninth Circuit has also approved of factors considered by other

7

circuits, including: "(1) the issues in the case were close and difficult; (2) the prevailing party's recovery was nominal or partial; (3) the losing party litigated in good faith; and, perhaps, (4) the case presented a landmark issue of national importance." Id.

Fogel argues that costs should not be awarded here because: (1) he is an unemployed, 24-year-old college student whose only asset is worth $900; (2) he brought the suit in good faith; (3) the case presented novel issues; and (4) imposing costs would "have a 'chilling effect' on future civil rights litigants." (Opp'n at 3.)  These arguments are not compelling.  The presumption is in favor of awarding costs.  Here, the costs imposed on Fogel would only total $2,145.82, a relatively modest sum given the overall burdens imposed upon the defendants by Fogel's decision to institute a losing action.

### III.  Conclusion

For the reasons stated above, the court DENIES defendants' request for attorneys fees and GRANTS defendants' request for costs totaling $2,145.82.

IT IS SO ORDERED.

Dated: 5/12/2006

DAVID F. LEVI
United States District Judge