IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW FOGEL,

    Plaintiff,

    v.

GRASS VALLEY POLICE DEPARTMENT, et al.,

    Defendants.

No. Civ. 05-0444 DFL KJM

MEMORANDUM OF OPINION AND ORDER

    Plaintiff Matthew Fogel ("Fogel") moves to correct the record on appeal to include deposition transcripts and exhibits submitted to the court via hard copy but not filed as exhibits to plaintiff's partial motion for summary judgment. For the reasons stated below, the record shall be corrected to include the portions of the transcripts relied on by the court and referred to by the parties in their motions for summary judgment. In addition, both parties submitted photographs of the writing on Fogel's van. Because the electronic copies of the photographs are illegible, the photographs will also be made part of the record.

1

I.

Fogel painted a provocative message on the back of his van. The police were called, and Fogel was arrested. No charges were filed. Fogel subsequently brought several claims against defendants. Defendants moved for summary judgment on all claims, and Fogel cross-moved for summary judgment on the § 1983 claims.

In support of his partial motion for summary judgment, Fogel submitted copies of several depositions and exhibits in compliance with Local Rule 5-133(j).[1] However, Fogel mistakenly failed to attach these documents as exhibits to his motion for summary judgment. Therefore, the documents did not become a part of the record.

II.

Documents not filed with the district court are not part of the record on appeal. Fed.R.App.P. 10(a)(1); Kirshner v. Uniden

---

[1] Local Rule 5-133(j) states that:

Depositions shall not be filed through CM/ECF. Prior to or upon the filing of a document making reference to a deposition, counsel relying on the deposition shall ensure that a courtesy hard copy of the entire deposition so relied upon has been submitted to the Clerk for use in chambers. Alternatively, counsel relying on a deposition may submit an electronic copy of the deposition in lieu of the courtesy paper copy to the emailbox of the Judge or Magistrate Judge and concurrently email or otherwise transmit the deposition to all other parties. Neither hard copy nor electronic copy of the entire deposition will become part of the official record of the action absent order of the Court. Pertinent portions of the deposition intended to become part of the official record shall be submitted as exhibits in support of a motion or otherwise.

1  Corp. of Am., 842 F.2d 1074, 1077 (9th Cir. 1988).  However, the
2  district court may supplement the record with any accidentally
3  omitted documents if the parties relied upon those documents and
4  the court used them to form the basis of its opinion.
5  Fed.R.App.P. 10(e); Townsend v. Columbia Operations, 667 F.2d
6  844, 849 (9th Cir. 1982).  This ensures that the appellate court
7  can review what actually occurred in the district court.  Id.
8       Rule 10(e) is consistent with the general idea that
9  procedural rules "should be liberally construed" so that "mere
10 technicalities" do not "stand in the way of consideration of a
11 case on its merits."  Torres v. Oakland Scavenger Co., 487 U.S.
12 312, 316-17, 108 S.Ct. 2405 (1988).  If a party's submission of
13 papers to the court "is the functional equivalent of what the
14 rule requires," the court may find that the party has complied
15 with the rule.  Id.
16      Both parties relied on the depositions and exhibits in their
17 papers.  Fogel referred to them throughout his statement of
18 undisputed facts ("SUF").  Defendants referred to them throughout
19 their reply to Fogel's SUF.  Therefore, analyzing this case
20 necessarily required examining the cited sections of the
21 depositions and exhibits, which made them an integral part of the
22 ultimate decision in this case.
23      Defendants oppose correcting the record, arguing that
24 Fogel's error was more than a "mere technicality."  (Opp'n at 5.)
25 Defendants point out that when Fogel filed his summary judgment
26 motion, he failed to provide a supporting declaration from his

3

counsel under Fed.R.Civ.P 56(e). (<u>Id.</u> at 3.) Consequently, Fogel failed to attach his depositions and exhibits to that declaration. (<u>Id.</u> at 3-4.) Defendants allege that failure to comply with this rule burdened the court because the court had to "go to the electronically filed [d]epositions and scan them to look for the testimony referenced in the moving papers." (<u>Id.</u> at 4.) Defendants claim that "[i]t is absurdly difficult for a judge to perform a search, unassisted by counsel, through the entire record, to look for such evidence." (<u>Id.</u>)

Despite defendants' claim, such a burden was not imposed on the court. The court had no problem finding the sections of the depositions referenced by Fogel because he provided specific page and line number citations in his SUF. Although Fogel did not follow the exact letter of the rule, he provided the functional equivalent. From the court's perspective, Fogel's error was a "mere technicality."

Thus, the record shall be corrected to include the portions of the deposition transcripts relied on by the court and referred to by the parties in their motions for summary judgment. Defendants attached to their moving papers the portions of the transcripts that they cited, thereby making them part of the record. Therefore, the court only needs to correct the record to include those pages cited by plaintiff and not referred to by the defendants. Accordingly, the pages of the transcripts to be added are as follows:

Fogel Dep., pp. 22, 33, 35-37, 45, 62, 66-70, 76-77.

4

Collins Dep., pp. 18-19.

Hooker Dep., pp. 11, 13, 15-17, 23, 30, 42, 59, 61-62, 64, 67, 74, 82-83.

Johnson Dep., pp. 9, 23.

McKenzie Dep., pp. 50, 57.

Perry Dep., pp. 40, 51, 56-57, 61, 66, 68-69, 71-73, 82.

Finally, the photographs submitted by both parties depicting the writing on Fogel's van are ordered part of the record because the electronic copies are illegible.

IT IS SO ORDERED.

Dated: 5/30/2006

_____
DAVID F. LEVI
United States District Judge